made. It could have been revived, for the balance of the term, by making full payment at any time before the loss. This, as we have seen, he failed to do. * * *

" 'It is but fair and just that, while the insured is in default of the payment of his note, the Company should not be liable for the loss when the parties have so agreed. We have no right to make a new contract for them, or refuse to enforce the one they have made.' * * *

"If the company had so desired it could have, without violence to any provisions of the contract, refused to accept the payment made on April 26 [in the instant case, October 7], and who could have claimed that the insurance was in force and effect."

We believe the foregoing authorities state and apply sound principles of law applicable to the undisputed facts of this case. We discover no ambiguity in the terms of the policy warranting an interpretation extending a right of recovery to the beneficiary based upon an accidental injury resulting in death October 10, 1937, a date within the 15-day period following the reinstatement of the policy. "Accidental injuries" covered by the Insuring Clause of the policy includes accidental injuries resulting in death, as well as such injuries not so resulting.

For the reasons assigned, the judgment of the trial court is reversed and judgment is here rendered for appellant.

Seabury, Taylor & Wagner, of Brownsville, for plaintiffs in error.

Carter & Stiernberg, of Harlingen, for defendant in error.

SMITH, Chief Justice.

In this case the several parties have filed a joint motion to affirm the judgment from which the appeal was perfected, it being represented that the matters in controversy have been fully settled between the parties. Upon that premise, and without passing upon the merits of the appeal, the motion will be granted and the judgment affirmed accordingly.

**BLAIR et ux. v. LINDSEY.**

No. 2254.

Court of Civil Appeals of Texas. Waco.

June 6, 1940.

W. E. Pope and A. Jack Pope, Jr., both of Corpus Christi, for plaintiffs in error.

Joe E. Webb and A. H. Menefee, both of Madisonville, for defendant in error.

**STEVENSON et al. v. FRISKE.**

No. 10740.

Court of Civil Appeals of Texas. San Antonio.

June 12, 1940.